UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DERRICK L DEWITT EL and
MARQUIS J MCDOUGAL EL,

    Plaintiffs,

v.                                    CASE NO. 3:20-cv-77-J-20JBT

THOMAS M BEVERLY, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on pro se Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court construes as a Motion to Proceed *In Forma Pauperis* ("Motion") (Doc. 2). For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED** and the case be **DISMISSED**.

In its prior Order (Doc. 4), the Court took the Motion under advisement and stated that Plaintiffs' Complaint (Doc. 1) was deficient in numerous respects and

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

was largely incomprehensible. (Doc. 4 at 3.) The Court directed Plaintiffs to file an amended complaint that cured the deficiencies addressed in that Order. (*Id.* at 4.) Plaintiffs filed a timely Amended Complaint (Doc. 6). However, as explained further herein, the undersigned recommends that the Amended Complaint still fails to state a claim upon which relief may be granted.

The Court previously noted that Plaintiffs appeared to be attempting to "assert a claim regarding breach of trust and changes made to a trust without their consent." (Doc. 4 at 4.) However, the Court noted that "Plaintiffs' Complaint contains no factual allegations to support either such claim." (*Id.*) For example, in their "Statement of the Claim" section, Plaintiffs stated:

> (1) Congressional delegation order of authority was demanded, "affidavit" was place [sic] on record - nonresponse by all parties. (2) Breach of contract "Travis D Finchum" (3) Soliciting from the bench DEMANDING that I obtain a Bar Associate in order to maintain my status as guardian and I am the settlor/guarantor of the TRUST "Thomas Beverly"- "Travis D Finchum" (4) Breach of Trust "all parties" (5) Incompetent counsel made a FICTITIOUS ENTITY the administrator, trustee and beneficiary of this trust without my consent or knowledge until after the fact "Sean P Mason". (6) Demand all parties "affidavit" bond information on record- nonresponse by all parties (7) Demand all parties "affidavit" foreign corrupt practice statements on record - nonresponse by all parties (8) Demand all parties "affidavit" foreign anti-bribery statement - nonresponse by all parties, it is unknown who I contacted with. (9) Foreign agents registration(s) -nonresponse by all parties.

(Doc. 1 at 4.)  The Court noted that Plaintiffs' "'Statement of the Claim' section contains only vague and conclusory allegations and contains no factual information about the trust that Plaintiffs reference."  (Doc. 4 at 4.)

Plaintiffs' Amended Complaint (Doc. 6) does not address any of the deficiencies discussed in the prior Order and contains no factual allegations.  The one-page document states only that "The Court has subject-matter jurisdiction under 28 U.S.C subsection 1331 and 28 U.S.C 1332 and 28 U.S.C 1343.  Statement(s) made under the UNITED STATES OF AMERICA INC. codes of Perjury, are made to the best of my knowledge and studies, and I Derrick L Dewitt El reserve the right to admend [sic] this said document."  (*Id.*)

Plaintiffs were previously warned that if they failed to "file a proper amended complaint as directed in [the Court's previous] Order, the undersigned will likely recommend that the District Judge deny the Motion and dismiss this case."  (Doc. 4 at 4.)  However, the Amended Complaint fails to cure the deficiencies specified in the Court's previous Order and is otherwise deficient as explained herein.  For this reason, and the reasons stated in the prior Order, the undersigned recommends that this case be dismissed for failure to state a claim on which relief may be granted.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 2**) be **DENIED**.

2. The case be **DISMISSED**.

3. The Clerk of Court be directed to terminate any pending motions and

3

close the file.

      **DONE AND ENTERED** at Jacksonville, Florida, on March 23, 2020.

*[signature]*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Harvey E. Schlesinger
Senior United States District Judge

Pro Se Plaintiffs